UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| MICHAEL TERRELL,<br>   Plaintiff,<br><br>v.<br><br>FAYETTE COUNTY SHERIFF'S<br>DEPARTMENT, *et al.*,<br>   Defendants. | Civil Action No. 5:06-0334 |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees. (Document No. 2.) Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2.) be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On May 8, 2006, Plaintiff, acting *pro se* and in confinement at South Central Regional Jail in Charleston, West Virginia, filed his Complaint pursuant to 42 U.S.C. §1983.[1] (Document No. 1.) Plaintiff names the following as Defendants: (1) The Fayette County Sheriff's Department;[2] (2) Officer Pete Lopez; and (3) Detective Sizemore. (Id.) Plaintiff's Complaint, however, did not state the basis of his claims or relief requested. (Id.) On October 25, 2006, Plaintiff filed a letter advising

---

[1] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that the Fayette County Sheriff's Department is not a "person" as required by Section 1983.

the Court that he had been transferred to Ohio County Correctional Center in Wheeling, West Virginia. (Document No. 5.) Plaintiff further advised that upon reviewing his Complaint in this matter, Plaintiff discovered that he had not completed the portion of his form Complaint requiring a statement of the factual basis for his claim. (Id.) By Order entered on November 6, 2006, the undersigned ordered that "by November 20, 2006, Plaintiff file a statement specifying the basis of his claims and relief requested." (Document No. 7.) On November 15, 2006, Plaintiff filed the following statement:

> On 10/23/03, I, Michael Terrell, was arrested for 1st Degree Armed Robbery. I was sent to the Southern Regional Jail where I waited at until I was found not guilty by a jury trial on 3/22/04. Officer Pete Lopez and Detective Sizemore was assigned to the case. Their whole case was based on three people's statements. They made Samantha Obey, Nicholas Coping, Decora Obey lie on me so Nicholas Coping didn't go to jail for the drugs he got caught with and so they didn't take his kids.

(Document No. 8, p. 1.) Plaintiff also attached a copy of his letter[3] objecting to the undersigned's

---

[3] Plaintiff's letter stated as follows:

> My name is Michael Terrell. I'm writing this letter because I got a letter from the United States District Court telling me that my case was dismissed because I filed the suit under 42 U.S.C. § 1983 and the defendants can't fall under that because they are non-state actors. It did say that they can be held liable under 42 U.S.C. § 1983 if they were engaged in the state's actions. The reason why the defendants wrote statements is because Nicholas Coping was caught with some drugs and Officer Pete Lopez and Detective Sizemore told him and Samantha Obey and Decora Obey that if they didn't tell them anything about me and the robbery they were going to take Nicholas Coping to jail and take his and Samantha Obey's child to D.H.H.R. So they conspired against me so that nothing would happen to him and his baby. The reason I didn't write this in the Complaint is because I didn't think it was useful at that point of time.

(Document No. 8, p. 2.)

Proposed Findings and Recommendation filed in Civil Action No. 5:06-cv-0539.[4] (Id., p. 2.) Plaintiff requests compensatory and punitive damages. (Id., p. 1.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates."

---

[4] On June 29, 2006, Plaintiff filed a Complaint naming Decora Obey, Samantha Obey, and Nicholas Coping as defendants in Civil Action 5:06-0539. (Civil Action 5:06-0539, Document No. 1.) Plaintiff alleged that defendants gave false statements to Officer Lopez and Detective Sizemore in his underlying criminal trial. (*Id.*, Document No. 1.) The undersigned entered his Proposed Findings and Recommendation on November 6, 2006, recommending that the case be dismissed for failure to state a claim. (*Id.*, Document No. 7.) By Order entered on December 18, 2006, the District Court adopted the undersigned's Proposed Findings and Recommendation. (*Id.*, Document No. 8.)

Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

A Plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitations for a claim of "false arrest, false imprisonment, and malicious prosecution" is one-year. Wilt v. State Auto. Mut. Ins. Co., 203 W.Va. 165, 506 S.E.2d 608, 613 (1998); also see Snodgrass v. Sisson's Mobile Home Sales, Inc., 161 W.Va. 588, 244 S.E.2d 321 (1978). Additionally, a claim of defamation is subject to a one-year period of limitations under West Virginia law. Garrison v. Herbert J. Thomas Memorial Hospital Association, 190 W.Va. 214, 438 S.E.2d 6 (1993); Padon v. Sears, Roebuck & Co., 186 W.Va. 102, 411 S.E.2d 245 (1991). Finally, a claim of conspiracy is subject to a two-year period of limitations under West Virginia law. See

W. Va. Code § 55-2-12; also see Alpine Property Owners Association, Inc., v. Mountaintop Development Co., 179 W.Va. 12, 365 S.e.2d 57 (1987). Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting, Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Section 1983 action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice – e.g., by the knowledge of the fact of injury and who caused it – to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" Brooks, 85 F.3d at 181 (citations omitted).

     First, Plaintiff appears to allege in his Complaint that he was unlawfully arrested and detained in violation of his constitutional rights because there was insufficient evidence to support his arrest and imprisonment for First Degree Armed Robbery. A Section 1983 claim for false arrest

or false imprisonment accrues when the claimant is detained pursuant to legal process.[5] Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007)(holding "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Plaintiff alleges that he was arrested on charges of armed robbery on October 23, 2003. (Document No. 8, p. 1.) Accordingly, by applying the West Virginia one-year statute of limitation together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for false arrest expired on October 23, 2004, one-year from the date Plaintiff was detained pursuant to legal process. Plaintiff filed his instant Complaint on May 8, 2006. Accordingly, the one-year statute of limitation has run as to Plaintiff's claims of false arrest and false imprisonment[6] and the claims are therefore barred.

Next, Plaintiff contends that Defendants "slander[ed] my name." (Document No. 8, p. 1.) The undersigned notes that Plaintiff fails to indicate when Defendants began defaming his character or when he became aware of the alleged misconduct. Plaintiff merely alleges that he was defamed during the criminal proceedings involving his armed robbery charge. Thus, construing Plaintiff's Complaint liberally, the undersigned finds that the latest Plaintiff could have become aware of the alleged defamation was the date Plaintiff was acquitted of the armed robbery charge (March 22,

---

[5] The Supreme Court noted that "[f]alse arrest and false imprisonment overlap; the former is a species of the later." *Wallace*, 549 U.S. at 384, 127 S.Ct. at 1095.

[6] The undersigned further notes that it is "well established that where an officer presents all relevant probable cause evidence to an intermediary, such as a prosecutor, a grand jury, or a magistrate, the intermediary's independent decision to seek a warrant, issue a warrant or return an indictment breaks the causal chain and insulates the officer from a Section 1983 claim based on lack of probable cause for an arrest or prosecution." *Rhodes v. Smithers*, 939 F.Supp. 1256, 1274 (S.D.W.Va. 1995).

2004). Accordingly, by applying the West Virginia one-year statute of limitation together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for defamation would have expired on March 22, 2005, one-year from the date Plaintiff was acquitted of the armed robbery charge. Plaintiff filed his instant Complaint on May 8, 2006. Therefore, the one-year statute of limitation has run as to Plaintiff's claim of defamation and the claim is therefore barred.

Finally, Plaintiff appears to allege that Officer Lopez and Detective Sizemore conspired with Decora Obey, Samantha Obey, and Nicholas Coping to make false statements against Plaintiff. A Section 1983 claim for conspiracy accrues when defendants complete their alleged conspiracy. See Blackwelder v. Millman, 522 F.2d 766 (4th Cir. 1975)(statutory period of limitations begins to run upon completion of the last "overt act actually causing the damage...."). Construing Plaintiff's Complaint liberally, the undersigned finds that the date of Plaintiff's acquittal (March 22, 2004) is the latest date that Defendants could have completed their alleged conspiracy. Accordingly, by applying the West Virginia two-year statute of limitation together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for conspiracy would have expired on March 22, 2006, two-years from the date Plaintiff was acquitted. Plaintiff filed his instant Complaint on May 8, 2006. Accordingly, the two-year statute of limitation has run as to Plaintiff's claim of conspiracy and the claim is therefore barred.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (Document No. 2), **DISMISS** Plaintiff's Complaint (Document No. 1.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: June 1, 2009.

_____
R. Clarke VanDervort
United States Magistrate Judge